This matter is before this Court on appeal from judgments on rules to tax costs against plaintiff in suit.
Plaintiff originally sued for the appointment of a receiver for the defendant, Central *Page 233 
Lumber Company, Inc., and for judgment against the defendant, D.S. Williams. From copy of judgment in the original suit, which is a part of the record before this Court, we find that judgment was rendered rejecting the plaintiff's demands and dismissing his suit at plaintiff's cost. The judgment further ordered the taxing of certain fees against plaintiff, reserving the right of defendants to bring appropriate proceedings for the fixing of such fees. It is noted that aside from certain specified fees the judgment rejected defendants' demands for "other costs and expenses".
The record before this Court consists entirely of pleadings, motions and exhibits bearing upon the rules issued and upon which judgment was finally rendered, but nowhere do we find any evidence which would clarify or explain the judgment in the original suit insofar as the same bears upon the subject matter of the rules for the taxing of costs.
In addition to the defect above noted, there are other discrepancies in the record filed herein, particularly the absence from the record of the answer of defendant in rule, which answer is indexed but does not appear in the record. Since judgment was rendered on default, and in the absence of any appearance on trial of the rules by the defendant in rule, we doubt that the allegations of the answer could have any important bearing upon the case. Nevertheless, this Court finds itself unable, in view of the condition of the record submitted, to properly determine the issues involved.
For the reasons assigned, it is ordered that this case be remanded to the Honorable the Tenth District Court in and for the Parish of Natchitoches, State of Louisiana, for the purpose of having the record supplied by including therein the record of the original proceedings in the suit of James W. Jones, Jr., v. D.S. Williams et al., No. 22,946 on the docket of the Tenth District Court, together with the answer of defendant in rule.
It is ordered that appellant be allowed the period of sixty (60) days from date of this judgment within which to procure the amendment of the record, in accordance with this opinion, and to return same to this Court, failing which his appeal shall be subject to dismissal. Costs of this appeal to await final determination hereof.
 Supplemental Opinion.
Judgment was rendered by this court on June 28, 1943, remanding this case for the purpose of having the record supplied. Specifically, the order of this court reads as follows:
"For the reasons assigned, it is ordered that this case be remanded to the Honorable the Tenth District Court in and for the Parish of Natchitoches, State of Louisiana, for the purpose of having the record supplied by including therein the record of the original proceedings in the suit of James W. Jones, Jr. v. D.S. Williams et al., No. 22,946 on the docket of the Tenth District Court, together with the answer of defendant in rule.
"It is ordered that appellant be allowed the period of sixty (60) days from date of this judgment within which to procure the amendment of the record, in accordance with this opinion, and to return same to this Court, failing which his appeal shall be subject to dismissal. Costs of this appeal to await final determination hereof."
In response to this order there has been filed in this court a volume purporting to be the transcript of the original proceedings in the suit of James W. Jones, Jr., v. D.S. Williams et al., No. 22,946 on the docket of the Tenth District Court. This volume was transmitted to the clerk of this court and was accompanied by a typewritten note addressed to the clerk of this court dated August 26, 1943, reading as follows:
"August 26, 1943
"Clerk Court of Appeal "Second Circuit "Shreveport, La.
"Sir:
"Inclosed you will find transcript in the above number cause, as per decree of the Court.
"Respectfully, "James W. Jones, Jr."
The note was entirely typewritten and there was no signature, save the typewritten name as above shown.
An examination of the "transcript" filed herein discloses the fact that it is not complete and obviously does not contain all of the proceedings in the suit referred to. It is further noted that the transcript is not accompanied by any certificate of the clerk of court evidencing the fact that it is authentic and complete. *Page 234 
The filing of an incomplete, uncertified and unauthenticated transcript is not sufficient compliance with the order of this court requiring the filing of the record of original proceedings in the suit specified.
The order of this court further required the filing of the answer of the defendant in rule, the absence of such instrument from the transcript in this case having been made a particular point of complaint by appellant. Neither this answer nor a copy thereof has been filed, nor has any explanation been made by appellant as to any reason for failure to comply with this portion of the court's order.
There being no substantial compliance with the order of this court, it is now ordered that the appeal herein be dismissed at appellant's cost.